PYRAMID LIFE INSURANCE COMPANY, Appellant,

v.

Russell WALLEN, Appellee.

Court of Appeals of Kentucky.

Sept. 16, 1960.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellant.

Hollie Conley, Prestonsburg, for appellee.

PALMORE, Judge.

This is a suit on a hospitalization insurance policy in which the defendant insurance company moves for an appeal from a judgment awarding $315 to the insured following a jury verdict on the single issue of whether the current premium had been paid.

It is conceded that under the issues formed by the pleadings plaintiff had the burden of proving that his ailment originated while the policy was in force, and that no evidence on that point was introduced. It is contended, however, that the parties stipulated that the only issue was whether appellee had mailed appellant a certain check on or before January 14, 1958, and it is obvious from the record that this was the understanding of the trial court. The stipulation appears in the reporter's transcript as follows:

"During the conference and in the absence of the jury, the parties examined the plaintiff and the policy sued on, and agreed and stipulated that if the plaintiff were entitled to recover at all under the policy he was entitled to recover the sum of $265.00. The plaintiff also claimed he was entitled to the further sum of $50.00 for surgeon's bill, and the defendant took the position he was not entitled to recover that amount since he had not prayed for that amount, specifically, in the pleadings, complaint or amended complaint. The court was of the opinion that the plaintiff could recover this item, surgeon's bill, and that it was a question of proof, to which ruling of the court the defendant excepted."

The parties being in disagreement, this court has no alternative but to construe the stipulation as meaning what it says. Very clearly, then, the only agreement was that *if* plaintiff was entitled to recover he was to recover at least $265. There was no agreement as to anything else, and it was incumbent on plaintiff to prove the rest of his case. Defendant's motion for a directed verdict should have been sustained.

Motion for appeal sustained, and cause reversed with directions that a new trial be granted.